IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                         4:03-CR-00153-01-SWW

ERIC LAMONT WILLIAMS

**ORDER**

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 323), based on the retroactive application of the United States Sentencing Guidelines crack cocaine penalty reduction, effective November 1, 2011.

With a base offense level of 36, a 2 point enhancement for a gun, and a criminal history category VI, Defendant's guideline range, when he was sentenced in 2004, was 360 months to life.[1] However, Defendant was sentenced to a "statutory sentence" of 240 months in prison.[2] As with Amendment 706, Defendant receives no benefit under Amendment 750 because he is serving a statutory sentence rather than a guideline sentence.[3]

Even if Defendant had received a guideline sentence, rather than statutory, he would not benefit from the new amendment because he is a career offender. If Amendment 750 had been in effect at the time of Defendant's sentencing, his base offense level would have been 34, and he would have received a 2 point enhancement for the gun, for a total offense level of 36.

---

[1]Following an appeal, Defendant was resentenced on April 7, 2006, but the guideline range was the same. *See* Doc. No. 183.

[2]Doc. Nos. 156, 162.

[3]Doc. No. 240. Notably, even if Defendant were serving a guideline sentence and not a career offender, he would not benefit from the amendment. With a new total offense level of 36 and criminal history category VI, Defendant's guideline range would be 324-405 months. This range is above the 240 month sentence Defendant received.

However, the career offender level of 37 is higher than 36, and Defendant would have been sentenced as a career offender,[4] which would mean his sentence would not be based on the drug quantity table. Finally, even if Defendant were serving a guideline sentence and not a career offender, he would not benefit from the amendment. With a new total offense level of 36 and criminal history category VI, Defendant's guideline range would be 324-405 months. This range is above the 240 month sentence Defendant received.

Based on the findings of fact and conclusions of law above, Defendant's Motion to Reduce Sentence (Doc. No. 323) is DENIED.

IT IS SO ORDERED this 2nd day of November, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] *See* U.S.S.G. § 1B1.10(b)(1) (noting that in determining whether and to what extent to reduce a defendant's sentence under § 3582(c) and Amendment 750, the court substitutes only the listed amendments for the corresponding Guidelines provisions that were applied at sentencing and leaves all other Guidelines application decisions unaffected); id. § 4B1.1 (directing sentencing courts to apply career-offender offense level if it is greater than an otherwise applicable offense level).